ELIZABETH STAGGS-WILSON, Bar No. 183160
estaggs-wilson@littler.com
VAHE MESROPYAN, Bar No. 307244
vmesropyan@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone: 213.443.4300
Facsimile:  213.443.4299

Attorneys for Defendant
BENIHANA NATIONAL CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELYNDA COHEN, an individual, DEMETRIE EDWARDS, an individual, AMBER MARIE FIELDS, an individual, URIEL HERNANDEZ, an individual, MICHAELA HOOPER, an individual, SEUNG MIN KIM, an individual, EDGAR ORELLANA, an individual, JOSELYNE PAYAN, an individual, XITHZEL PAYAN, an individual, ADRIANA GARCIA PICHEDWATANA, an individual, AMY DIANA RICHARDSON, an individual, CHRISTIAN SERRANO, an individual, ROXANA VALDOVINOS, an individual, and MOUHAMED YOUNES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BENIHANA NATIONAL CORP., a Delaware Corporation; and DOES 1 to 100, inclusive,,<br><br>Defendants. | Case No.   21-cv-00737<br><br>**DEFENDANT BENIHANA NATIONAL CORP.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1367, 1441 and 1446]**<br><br>Complaint Filed:  December 18, 2020 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant BENIHANA NATIONAL CORP. ("Defendant" or "BNC") hereby effects removal of the above-titled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441 and 1446. This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332(a), supplemental jurisdiction under 28 U.S.C. § 1367, based on complete diversity of citizenship and, specifically, on the following grounds:

## I.   JURISDICTION AND VENUE ARE PROPER.

1.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. sections 1332(a)(1) because this is an action between citizens of different states and the amount in controversy exceeds $75,000 (exclusive of interest and costs). *See* 28 U.S.C § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."). Specifically, Plaintiffs' Complaint pleads that they seek "an amount not less than $1,000,000.00." Complaint, ¶ 109. The Court also has supplemental jurisdiction over the entire case under 28 U.S.C. 1367.

2.   This action was originally filed in Los Angeles Superior Court, Central District and arises from alleged conduct that occurred within the Central District of California. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1391(a) because a substantial part of the acts alleged in the Complaint are alleged to have occurred within the Central District of California.

## II.   PLEADINGS, PROCESS AND ORDERS

3.   This action arises out of Plaintiffs' alleged employment with Defendant in

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

2.

the Central District of California.  See, Complaint, ¶¶ 22-35.

4.      On December 18, 2020, Plaintiffs filed an unverified Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled *MELYNDA COHEN, an individual, et al., v. BENIHANA NATIONAL CORP., a Delaware Corporation; and DOES 1 to 100, inclusive, Defendants,* Case No. 20STCV48540 (hereinafter, "Complaint").  The Complaint asserts fourteen (14) claims for relief against Defendant for: (1) Failure to Pay Overtime; (2) Violation of Labor Code § 226; (3) Failure to Pay for Rest Periods not Provided; (4) Failure to Pay for Meal Periods not Provided; (5) Waiting Time Penalties; (6) Failure to Pay Minimum Wage; (7) Wrongful Termination in Violation of Public Policy; (8) Violation of Labor Code §§ 350-356; (9) Unfair Competition; (10) Conversion; (11) Harassment; (12) Negligence; (13) Common Counts; and (14) Theft.  *See* Declaration of Elizabeth Staggs Wilson In Support of Defendant Benihana National Corp.'s Notice of Removal of Civil Action from State Court to Federal Court ("Staggs Wilson Decl.") ¶ 2, Exhibit ("Ex.") A.

5.      On December 28, 2020, Plaintiffs served their Complaint on Defendant. Staggs Wilson Decl. ¶ 3, Ex. B (Proof of Service).  Accordingly, service of the Summons and Complaint was effective as of December 28, 2020.

6.      The following documents accompanied the Summons and Complaint: Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, and Notice of Posting of Jury Fee.  Staggs Wilson Decl. ¶ 3, Ex. C.

7.      On January 26, 2021, Defendant filed an Answer to Plaintiffs' Complaint, generally denying Plaintiffs' allegations and asserting various defenses.  Staggs Wilson Decl. ¶ 4, Ex. D.

8.      On December 22, 2020, Plaintiffs filed a Preemptory Challenge to Judicial Officer.  On January 5, 2021, the Court reassigned the matter to Hon. Terry Green in Department 14.  Plaintiff filed a Notice of Ruling on January 15, 2021.  Staggs Wilson

Decl. ¶ 5, Ex. E.

9.     The Complaint also names as defendants "DOES 1 through 100, inclusive." Complaint ¶ 17. However, Defendant is informed and believes and, on that basis, alleges that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to this action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a). Consequently, the only defendant who must consent to removal is Defendant Benihana National Corp.

10.     To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court. Pursuant to 28 U.S.C. Section 1446(a), the attached exhibits constitute all the process, pleadings, and orders served upon Defendant or filed or received in this action by Defendant to date.

## III.     NOTICE TO THE COURT AND PARTIES.

11.     Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal from State Court to Federal Court shall be filed contemporaneously with the Clerk of the Court for the Superior Court of the State of California, County of Los Angeles, and a copy will be served on Plaintiffs' counsel of record.

## IV.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN EVERY PLAINTIFF AND DEFENDANT

12.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship between the real parties to this action and the fact that the amount of controversy exceeds $75,000. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.

### A.     Plaintiffs are Citizens of California.

13.     At the time Plaintiffs commenced this action and at the time of removal,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

4.

each and every Plaintiff was domiciled in, or a resident of, Los Angeles County and therefore, the State of California. Complaint ¶¶ 1-14. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

14. Moreover, for diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at time lawsuit is filed). In this regard, Plaintiffs were employed within the State of California and there is no indication that Plaintiffs had any intent to leave California. Complaint, ¶¶ 1-14; 22-35. At the time this action was commenced, Plaintiffs continued to reside in County of Los Angeles. Complaint ¶¶ 1-14.

15. Accordingly, for removal purposes, Plaintiffs are citizens of California.

**B.      Defendant Is A Citizen of Delaware and Florida.**

16. A corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "nerve center," or place a corporation's board and high level officers direct, control and coordinate its activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93, 96.

17. Defendant is incorporated in the State of Delaware. Declaration of Sharon Rose ("Rose Decl.") ¶¶ 2. Moreover, Defendant's corporate headquarters and principal place of business, *i.e.*, the "nerve center" where Defendant performs executive and administrative functions, are located in the State of Florida. *Id.* at ¶ 2. Consequently,

Defendant is not a citizen of California; rather, Defendant is a citizen of Delaware and Florida.

**C.** **The Citizenship of the Doe Defendants Is Disregarded for Diversity Purposes.**

18.    For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered.  28 U.S.C. § 1441(a).

19.    As indicated above, Defendants Does 1 through 20 are fictitious.  The Complaint does not set forth the identity or status of any said fictitious defendants, nor does the Complaint set forth any charging allegation against any fictitious defendants.  Pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

**D.** **Complete Diversity of Citizenship Exists.**

20.    Because Plaintiffs are citizens of California and Defendant is a citizen of Delaware and Florida, complete diversity of citizenship exists here and this element of the Court's original jurisdiction is satisfied.  *See* 28 U.S.C. § 1332(a).

**V.    PLAINTIFFS PLACE WELL OVER $75,000 INTO CONTROVERSY.**

21.    This Court has jurisdiction over this case because the amount placed in controversy by Plaintiffs' alleged claims exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Where a state court complaint expressly seeks more than $75,000, removal on the basis of diversity is appropriate unless the amount set forth in the Complaint was stated in bad faith.  *See, St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).  There is a strong presumption that a plaintiff who initiates a case in state court did not inflate the claim the support removal.  *Id.*

22.    Specifically, the Complaint expressly states that even just one Plaintiff –

Plaintiff Amber Marie Fields – expressly seeks damages, for a single cause of action for Wrongful Termination in Violation of Public Policy, "according to proof at the time of trial, but in an amount not less than **$1,000,000.00**." Complaint ¶ 109 (emphasis added). This statement in and of itself establishes that the amount in controversy in this case exceeds the jurisdictional minimum. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. at 290; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d at 402.

23. In addition to her claim for Wrongful Termination in Violation of Public Policy, Plaintiff Fields alleged thirteen (13) other claims by which she seeks compensatory and general damages, statutory penalties, and attorney's fees. Complaint, ¶ Prayer for Relief.

24. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations of Plaintiffs' Complaint and presume that Plaintiff Fields will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability")). Put differently, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). Moreover, all claims alleged by Plaintiff Fields can be aggregated to meet the minimum jurisdictional amount. *See Bank of Cal. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

25. Although complete diversity among the parties must exist and the citizenship of all Plaintiffs need to be analyzed, as discussed above, the amount in controversy need only be satisfied as to one Plaintiff to confer diversity jurisdiction on this Court. *See Exxon Mobil Corp. v. Allapattah Services, Inc.* 545 U.S. 546, 549 (2005), *superseded by statute on other grounds*, (holding that the "threshold requirement of section 1367(a) is satisfied in cases . . . where some, but not all, of the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

plaintiffs in a diversity action allege a sufficient amount in controversy."); *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 858 (9th Cir. 2001) ("[W]e hold that if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in those claims...."); *Flores v. Marriott Resorts Hospitality Corp*., 2019 U.S. Dist. LEXIS 6604, at *12-13 (C.D. Cal. Jan. 7, 2019) (court exercised supplemental jurisdiction over second plaintiff's claims pursuant to 28 U.S.C. § 1367 because (1) first plaintiff's claims satisfied the amount in controversy requirement; (2) the other elements of diversity jurisdiction were satisfied, and (3) both plaintiffs' claims were part of the same case or controversy).  Stated otherwise, where diversity jurisdiction exists as to any claim, federal courts may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In a multi-plaintiff action, if there is complete diversity and one plaintiff's claim satisfies the $75,000 threshold, the district court may exercise supplemental jurisdiction over claims by other plaintiffs in lesser amounts, provided that all claims arise out of the same case or controversy. *See Exxon Mobil Corp.,* 545 U.S. at 549.  Thus, because Plaintiff Fields' claims satisfy the $75,000 threshold, this Court may exercise supplemental jurisdiction over all other Plaintiffs' claims because they arise in the same case and controversy.

26.    The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  The Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554, 2014 WL 7010692 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal is

supporting evidence required. *Id.* at 554. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.*

27.    Further, as one district court recently held, "[u]nder this standard, 'the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014) (citations omitted).

28.    Defendant denies the validity and merits of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, for purposes of removal only, and without conceding that Plaintiffs are entitled to any damages or penalties, it is readily apparent that Plaintiffs place at least $1,000.000.00 into controversy.

**A.    Plaintiffs' Claim for Punitive Damages Alone Places at Least $75,000 in Controversy.**

29.    In addition to economic and non-economic damages, penalties and attorneys' fees, each Plaintiff also seek to recover punitive damages for their claims for Conversion by all Plaintiffs (Tenth Cause of Action), Harassment by Plaintiffs Cohen, Pichewatana, Younes, and Fields (Eleventh Cause of Action), and Wrongful Termination in violation of Public Policy by Plaintiff Fields (Seventh Cause of Action). Complaint ¶¶ 112, 146, 155, Prayer at ¶ 19, Staggs Wilson Decl. Ex. A.

30.    "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). A defendant may use damage awards in other cases to establish the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1033. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination and wrongful termination cases have the potential for large punitive damages awards. *Simmons*, 209 F. Supp. 2d at

1033. Indeed, punitive damage awards have equaled as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co*., 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at 334; see also, *Simmons*, 209 F. Supp. 2d at 1033 (citing employment discrimination cases involving punitive damages awards). Accordingly, although Defendant disputes the validity of any claim for punitive damages, for purposes of removal, Plaintiff's claim for punitive damages alone places at least $75,000 in controversy.

**B.      Plaintiffs' Claim for Emotional Distress Damages Also Places Over $75,000 in Controversy.**

31.      At least four Plaintiffs seek to recover non-economic damages for their alleged emotional distress. Complaint ¶¶ 109, 153, Prayer; Staggs Wilson Decl. Ex. A. However, an award of damages for emotional distress alone can exceed the jurisdictional minimum. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (noting that an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial"); see also *Perez v. Baxter Healthcare Corp.*, 2012 WL 5373468 (C.D. Cal. Oct. 31, 2012) (general damages for FEHA claim exceeded $75,000 for purposes of establishing amount in controversy, rendering inquiry into attorneys fees and punitive damages unnecessary).

32.      A defendant may use damage awards in other cases to establish the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1033. California cases demonstrate that awards for emotional distress damages in discrimination and harassment cases

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

10.

frequently exceed $75,000. *See Glenn-Davis v. City of Oakland*, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (awarding $400,000 in emotional distress in a failure-to-promote employment discrimination case); *Massey v. City of Long Beach*, JVR No. 1509220063, 2015 WL 5578119 (Cal. Super.) (Verdict and Settlement Summary) (awarding $520,119 for compensatory pain and suffering in race discrimination case under FEHA); *Beasley v. East Coast Foods, Inc.*, JVR No. 1509250073, 2015 5678367 (Cal. Super.) (Verdict and Settlement Summary) (awarding $1,500,000 in compensatory pain and suffering in race discrimination case under FEHA); *Creswell v. City of Montebello*, JVR No. 1508040066, 2015 WL 4179582 (Cal. Super.) (Verdict and Settlement Search) (awarding $750,000 for compensatory pain and suffering in race discrimination case under FEHA); *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding, "the cases still demonstrate that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence, as there was in the instant case, that the plaintiff suffered heightened mental anguish"). Accordingly, Plaintiffs' claim for emotional distress damages alone places over $75,000 in controversy.

**C.    Plaintiffs' Claim for Attorneys' Fees Further Increases the Amount in Controversy.**

33.    Each Plaintiff also seeks an award of reasonable attorneys' fees. Complaint ¶¶ 81, 85, 88, 89, 103, 104, 132, 166, Prayer; Wilson Decl. Ex. A.

34.    It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiffs' claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail).  Plaintiffs may recover attorneys' fees on their causes of action for unpaid wages under the Labor Code and harassment under FEHA because both statutes authorize an award of reasonable attorneys' fees to a prevailing plaintiff.  Cal. Gov. Code §12965(b); Labor Code §§ 218.5, 1194.  While Plaintiffs' attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.

35.    There is at least $75,000 in controversy for Plaintiffs' attorneys' fees alone. Attorneys' fee awards in FEHA harassment and discrimination cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc*., 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award).  Other California courts have upheld large attorneys' fee awards in FEHA cases.  See *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorneys' fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less).

36.    In *Tiffany v. O'Reilly Automotive Stores, Inc*., 2013 WL 4894307 (E.D. Cal. Sept. 11, 2013), the Court denied the plaintiff's motion to remand her action for disability discrimination and related causes of action.  The court reasoned that even though the plaintiff would only be entitled to $15,574 in back pay as of the date the action was removed, the Court stated: "More persuasive is the fact that, in this day and age, it is virtually inconceivable that a reasonably-compensated attorney could litigate a case for two years and through a ten-day trial for less than $27,280 in attorney fees . . . At $250 per hour, the jurisdictional amount would be reached in less than 110 hours." *Id*. at *4.

37.    Thus, although Defendant denies that Plaintiffs are entitled to prevail, let alone recover attorney's fees, each Plaintiffs' demand for attorneys' fees further

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

12.

increases the amount in controversy to an amount more likely than not to exceed $75,000.

## VI.    THIS NOTICE OF REMOVAL IS TIMELY

38.    This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30 day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period).

39.    Plaintiffs filed their Complaint on December 18, 2020.  *See* Complaint; Staggs Wilson Decl., Ex. A.  However, service of the Summons and Complaint was not effectuated until December 28, 2020.  Staggs Wilson Decl. ¶ 3, Ex. B.  As such, because this matter is being removed within 30 days of service of the Summons and Complaint, this Notice of Removal is timely as a matter of law.  *Murphy Bros., Inc.*, 526 U.S. at 354.

## VII.    WRITTEN NOTICE OF THS REMOVAL IS PROMPTLY SERVED ON PLAINTIFF AND THE STATE COURT.

40.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, Kevin Lipeless and Thomas Schelly of the Lipeles Law Group, APC, and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.  Staggs Wilson Decl. ¶ 6.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

13.

## VIII.  CONCLUSION

Based on the foregoing, this Court clearly has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and removal is therefore proper pursuant to 28 U.S.C. §§ 1441 and 1446.Begin Typing Here

Dated:    January 27, 2021

/s/ Vahe Mesropyan
ELIZABETH STAGGS WILSON
VAHE MESROPYAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
BENIHANA NATIONAL CORP.

4820-8678-1912.3 062447.1173

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

14.